Piekarski & Brelsford, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix, AZ 85016
Phone: (602) 956-1161
Email: chris@pb-lawfirm.com
Fax: (602) 956-1161
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **David Paceley**, an unmarried man,    ) | Case No.: |
|    ) | |
|        **Plaintiff,**    ) | **Complaint** |
|    ) | |
|    ) | (Unpaid Wages; Unpaid Overtime) |
| vs.    ) | |
|    ) | |
| **Paceley Constructors, Inc.**,    ) | |
|    ) | |
|        **Defendants.**    ) | |
|    ) | |
|    ) | |
|    ) | |
|    ) | |

Plaintiff, David Paceley, by and through his undersigned counsel, submits the following claims:

## I.

## JURISIDICTION AND VENUE

1.      Plaintiff is a resident of Maricopa County, Arizona.

2.      Defendant Paceley Constructors, Inc. is an Arizona Corporation duly licensed to do business within the State of Arizona with its principle place of business located within Phoenix, Arizona.

3. Plaintiff reserves the right to amend his complaint to add additional persons or entities when they become known to him.

4. All relevant activities took place within the State of Arizona.

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. 201 et seq., and 13 U.S.C. 1367 for supplemental state law claims.

6. This action arises out of defendant's violations of the Fair Labor Standards Acts, 29 U.S.C. 201 et seq..

7. Because defendant does business within the State of Arizona, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## II.

## FACTUAL BACKGROUND

9. Plaintiff was employed by the defendant between the summer of 2011 and July 2, 2013.

10. Plaintiff was employed as a project manager and his job duties primarily consisted of performing construction and manual labor.

11. During his employment, the plaintiff was paid at the hourly rate of $40.00 per hour.

12. At all times during his employment with the defendant, plaintiff remained "non-exempt" under the "Fair Labor Standards Act', 29 U.S.C. 201 *et seq.,* (hereinafter "FLSA") which mandated that he be paid time-and-one-half of his hourly rate for all hours worked over forty (40) per week.

13.     During his employment with the defendant, plaintiff traveled to job sites throughout the United States and virtually always worked in excess of forty hours per week.

14.     The plaintiff's agreed upon rate of pay was $40.00 per hour and the plaintiff was to be paid every two weeks.

15.     Throughout the plaintiff's tenure, the defendant was chronically delinquent paying the plaintiff's bi-weekly paycheck and often failed to pay the plaintiff for all hours worked.

16.     When the plaintiff ended his employment, the defendant had failed to pay the plaintiff for a substantial number of hours that he had worked.

17.     To attempt to rectify the situation, the defendant conducted an audit in August 2013 which revealed that the plaintiff was owed unpaid wages totaling $8,600.00.

18.     The defendant promptly paid the plaintiff $8,600.00 which represented payment for all hours worked at the rate of $40.00 per hour.

19.     While employed by the defendant, plaintiff was never paid one-and-one-half times his hourly rate for all hours over forty (40) per week.

20.     Furthermore, the $8,600.00 payment failed to distinguish between regular and overtime hours.

21.     The plaintiff was an employee and subject to the Fair Labor Standards Act.

22.     The defendant is an enterprise engaged in interstate commerce as defined by 29 U.S.C. 206(a).

23.     Upon information and belief, the defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

24.     As such, the defendant is a "covered enterprise" as defined by 29 U.S.C. 203(s) of the Fair Labor Standards Act.

25.     The plaintiff, by and through his employment, was engaged in commerce and/or in the production of goods for commerce as defined by 29 U.S.C. 207(a)(1).

26.     As such, the plaintiff is a covered employee under the Fair Labor Standards Act and entitled to one and one half her hourly rate of pay for hours worked in excess of forty hours per week.

### III.

### COUNT ONE

### (UNPAID OVERTIME)

27.     All of the preceding paragraphs are incorporated herein by reference.

28.     Plaintiff virtually always worked substantially more than forty hours per week.

29.     However, the defendant never paid the plaintiff his overtime rate of pay for hours worked in excess of forty hours per week.

30.     By the acts and conduct set forth above, the Defendant has violated the Fair Labor Standards Act, 29 U.S.C. 201 et al..

31.     As a result of the defendant's actions, the plaintiff has suffered damages in an amount to be proven at trial.

32.     Because the plaintiff's claims can be liquidated, he is entitled to interest at the statutory rate.

### IV.

## COUNT TWO

### (WILLFULNESS)

33.   All of the preceding paragraphs are incorporated herein by reference.

34.   The defendant was aware of all hours worked and duties performed by the plaintiff due to its time keeping procedures and policies.

35.   The defendant knew that the plaintiff typically worked well in excess of forty hours per week.

29.   The defendant knew that the vast majority of tasks performed by the plaintiff were labor intensive.

30.   The plaintiff lacked the authority to hire or fire employees.

31.   The plaintiff lacked the authority to contract on the defendant's behalf or incur corporate debts without prior approval.

32.   In addition, the defendant failed to adequately maintain records as mandated under the FLSA

Because the plaintiff lacked discretion and decision making abilities when performing his job duties, he did not qualify under any of the relevant exceptions to mandatory overtime pay as defined by Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

33.   The defendant either knew or recklessly disregarded its obligation to pay mandatory overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

34.   Because the actions of the defendant were willful and deliberate, the plaintiff is entitled to all unpaid overtime pay due and owing him for the preceding three years.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1.      For all unpaid overtime wages due and owing the plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* in an amount to be proven at trial;

2.      For a finding that the defendant's actions were "willful" as defined by 29 U.S.C. 201 *et seq* of the Fair Labor Standards Act and subject to a three year look back period.

3.      For the Plaintiff's reasonable attorney's fees and costs in bringing this matter; and

4.      For such other relief as the Court may deem just and proper.


35. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


RESPECTFULLY submitted this 9th day of July, 2014.


Piekarski & Brelsford, P.C.
2633 E. Indian School Rd. suite 460
Phoenix, Arizona 85016

By: /s/ Christopher J. Piekarski
        Christopher J. Piekarski